**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated,  )<br>)<br>) | |
| Plaintiff,  ) | Case No. _____ |
| )<br>v.  )<br>) | JURY TRIAL DEMANDED |
| CISION LTD., MARK M. ANDERSON, PHILIP A. CANFIELD, MARK D. EIN, L. DYSON DRYDEN, KEVIN AKEROYD, STEPHEN P. MASTER, SUSAN VOBEJDA, STUART YARBROUGH, DAVID KRANTZ, PLATINUM EQUITY ADVISORS, LLC, MJ23 UK ACQUISITION LIMITED, and CASTLE MERGER LIMITED,  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CLASS ACTION |
| )<br>Defendants.  ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on October 22, 2019 (the "Proposed Transaction"), pursuant to which Cision Ltd. ("Cision" or the "Company") will be acquired by affiliates of Platinum Equity Advisors, LLC ("Platinum Equity"), a Delaware limited liability company:  MJ23 UK Acquisition Limited ("Parent") and Castle Merger Limited ("Merger Sub," and together with Parent and Platinum Equity, "Platinum").

2.      On October 22, 2019, Cision's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Platinum.  Pursuant to the terms of the Merger Agreement, Cision's

stockholders will receive $10.00 in cash for each share of Cision common stock they own.

3. On December 3, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for December 19, 2019.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Cision common stock.

9. Defendant Cision is a Cayman Islands corporation and a party to the Merger Agreement. Cision's common stock is traded on the New York Stock Exchange under the ticker symbol "CISN."

10. Defendant Mark M. Anderson is Chairman of the Board of the Company.

11. Defendant Philip A. Canfield is a director of the Company.

12. Defendant Mark D. Ein is Vice Chairman of the Board of the Company.

13. Defendant L. Dyson Dryden is a director of the Company.

14. Defendant Kevin Akeroyd is Chief Executive Officer and a director of the Company.

15. Defendant Stephen P. Master is a director of the Company.

16. Defendant Susan Vobejda is a director of the Company.

17. Defendant Stuart Yarbrough is a director of the Company.

18. Defendant David Krantz is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Platinum Equity is a Delaware limited liability company.

21. Defendant Parent is a private company limited by shares incorporated in England and Wales, an affiliate of Platinum Equity, and a party to the Merger Agreement.

22. Defendant Merger Sub is a Cayman Islands exempted company, a wholly-owned subsidiary of Parent, an affiliate of Platinum Equity, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Cision (the "Class"). Excluded from the Class are defendants herein and any

person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of October 18, 2019, there were approximately 148,478,535 shares of Cision common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

**SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

30. Cision is a leading global provider of earned media software and services to public relations and marketing communications professionals.

31. The Company's software allows users to identify key influencers, craft and distribute strategic content, and measure meaningful impact.

32. The Company has over 4,800 employees with offices in twenty-two countries.

33. On October 22, 2019, Cision's Board caused the Company to enter into the Merger Agreement.

34. Pursuant to the terms of the Merger Agreement, Cision's stockholders will receive $10.00 in cash for each share of Cision common stock they own.

35. According to the press release announcing the Proposed Transaction:

Cision Ltd. (NYSE: CISN), a leading global provider of software and services to public relations and marketing communications professionals, today announced that it has entered into a definitive agreement to be acquired by an affiliate of Platinum Equity in an all cash transaction valued at approximately $2.74 billion.

Under the terms of the agreement, which has been unanimously approved by the members of Cision Ltd.'s board of directors, an affiliate of Platinum Equity will acquire all of the outstanding ordinary shares of Cision Ltd. for $10.00 per share in cash. The purchase price represents a 34% premium over Cision Ltd.'s 60-day volume-weighted average price ended on October 21, 2019.

A special meeting of Cision Ltd.'s shareholders will be held as soon as practicable following the filing of a definitive proxy statement with the U.S. Securities and Exchange Commission ("SEC") and subsequent mailing to its shareholders. Certain affiliates of GTCR, collectively holding approximately 34% of the outstanding shares of Cision Ltd., have entered into a voting agreement committing them to, among other things, vote in favor of adopting the acquisition agreement. The proposed transaction is expected to close in the first quarter of 2020 and is subject to approval by Cision Ltd.'s shareholders, along with the satisfaction of customary closing conditions and antitrust regulatory approvals, as necessary. Upon completion of the acquisition, Cision Ltd. will become wholly owned by an affiliate of Platinum Equity. . . .

Financing & Advisors

Equity financing will be provided by investment funds managed, advised or sponsored by Platinum Equity. Platinum Equity has secured committed debt financing for the transaction from Bank of America Merrill Lynch.

Rothschild & Co is serving as lead financial advisor to Cision and its Board of Directors. Centerview Partners LLC and Deutsche Bank Securities Inc. are also acting as financial advisors to Cision. Kirkland & Ellis LLP is acting as legal counsel to Cision, and Gibson, Dunn & Crutcher LLP is acting as M&A legal counsel and Willkie Farr & Gallagher LLP is acting as financing legal counsel to Platinum Equity.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

36. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

37. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

38. First, the Proxy Statement omits material information regarding the Company's financial projections.

39. The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate Adjusted EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

40. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Rothschild & Co. ("Rothschild") and Centerview Partners LLC ("Centerview").

42. With respect to Rothschild's Selected Public Company Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by Rothschild in the analysis.

43. With respect to Rothschild's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the estimated unlevered, after-tax free cash flows that the Company was forecasted to generate from the three months ended December 31, 2019 through the end of fiscal year 2026 and all underlying line items; (ii) the terminal value of the Company; (iii) the individual inputs and assumptions underlying the discount rates of 8.0% to 9.0% and the range of growth rates in perpetuity of 1.5% to 2.5%; (iv) the Company's net debt; (v) the value of the tax benefits; and (vi) the number of fully diluted outstanding ordinary shares of the Company.

44. With respect to Rothschild's analysis of target prices for Cision's ordinary shares, the Proxy Statement fails to disclose: (i) the individual price targets observed by Rothschild in the analysis; and (ii) the sources thereof.

45. With respect to Rothschild's analysis of premiums paid, the Proxy Statement fails to disclose: (i) the transactions observed by Rothschild in the analysis; and (ii) the premiums paid in the transactions.

46. With respect to Centerview's Selected Public Company Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by Centerview in the analysis.

47. With respect to Centerview's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.0% to 9.0% and the perpetuity growth rates ranging from 2.0% to 2.5%; (ii) the forecasted unlevered free cash flows of Cision during the period beginning the fourth quarter of 2019 and

ending on December 31, 2026 and all underlying line items; (iii) the terminal value of Cision; (iv) the value of Cision's future tax benefits; (v) Cision's net debt; and (vi) the number of fully-diluted outstanding shares of Cision ordinary shares.

48. With respect to Centerview's Analyst Price Target Analysis, the Proxy Statement fails to disclose: (i) the individual price targets observed by Centerview in the analysis; and (ii) the sources thereof.

49. With respect to Centerview's Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by Centerview in the analysis; and (ii) the premiums paid in the transactions.

50. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

51. Third, the Proxy Statement omits material information regarding the Company's additional financial advisor, Deutsche Bank Securities Inc. ("Deutsche Bank").

52. The Proxy Statement fails to disclose the timing and nature of the past services Deutsche Bank provided to the parties to the Merger Agreement and their affiliates.

53. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of the Cision Board of Directors; (iii) Reasons for the Merger; (iv) Opinions of the Company's Financial Advisors; and (v) Certain Unaudited Prospective Information.

54. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

# COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cision

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Cision is liable as the issuer of these statements.

57. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

58. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

59. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

60. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

61. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

62. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Platinum

63. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64. The Individual Defendants and Platinum acted as controlling persons of Cision within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Cision and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

65. Each of the Individual Defendants and Platinum was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

66. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

67. By virtue of the foregoing, the Individual Defendants and Platinum violated Section 20(a) of the 1934 Act.

68. As set forth above, the Individual Defendants and Platinum had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 5, 2019          **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
**OF COUNSEL:**          Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**          Wilmington, DE 19801
Richard A. Maniskas          Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300      Facsimile: (302) 654-7530
Berwyn, PA 19312          Email: bdl@rl-legal.com
Telephone: (484) 324-6800          Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com          *Attorneys for Plaintiff*